Marco Simons [SBN #237314]
marco@earthrights.org
Richard Herz
rick@earthrights.org
Michelle Harrison
michelle@earthrights.org
Marissa Vahlsing
marissa@earthrights.org
EARTHRIGHTS INTERNATIONAL
1612 K Street NW, Suite 401
Washington, DC 20006
Telephone: (202) 466-5188
Facsimile: (202) 466-5189

Attorneys for Non-Party Amazon Watch

# UNITED STATES DISTRICT COURT

# FOR THE NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEVRON CORP., | Case No. C 13-80038-MISC CRB (NMC) |
| Plaintiff, | **NON-PARTY AMAZON WATCH'S OPPOSITION TO CHEVRON CORPORATION'S MOTION TO SHORTEN TIME FOR BRIEFING OF CHEVRON'S MOTION TO TRANSFER** |
| v. | |
| STEVEN DONZIGER, *et al.* | |
| Defendants. | |

Chevron Corporation asks to shorten time for an unprecedented motion, entirely without basis in law, seeking relief that cannot be granted. And they do so based on perceived delays that are largely the product of their own arguments. Their motion should be denied.

Shortened time may be appropriate for a routine motion that does not present any novel legal issues, but Chevron's Motion to Transfer is anything but routine. Although Chevron relies on 28 U.S.C. § 1404(a) as a basis to transfer their Motion to Enforce the documents subpoena, they cite no case in which a court has used section 1404(a) to transfer a subpoena enforcement action. The lack of legal authority authorizing such a transfer suggests that Chevron may seek to change its argument in reply, which would require more time for a motion to strike or a motion for leave to file a surreply.

While Chevron complains of delays of nearly three months since acceptance of service of the subpoena, more than half this time was due to litigation before Judge Kaplan in the Southern District of New York between the parties to the underlying action. Amazon Watch (AW) took no part in initiating that dispute – a dispute that arose out of Chevron's own argument that December 1, 2012, is the applicable deadline for serving documents subpoenas (an argument that Chevron chose not to inform AW about until Judge Kaplan had adopted it). And while Chevron complains that AW has refused to produce any documents, that is simply untrue. AW has repeatedly asked Chevron to specify which documents it needed and to make a proposal regarding rolling production, because the universe of documents covered by its incredibly broad requests is incredibly burdensome. AW was in the middle of a meet and confer with Chevron concerning rolling production when Chevron terminated these discussions and sought relief from the Court. Any delays are the result of the fact that Chevron served a subpoena that is manifestly overly burdensome (even if it did not seek privileged material, which it does), and then – after discussions over this subpoena were suspended for six weeks due to litigation in the underlying court – refused even to make a proposal regarding rolling production of an unobjectionable set of documents.

## I. Shortened time is not appropriate.

### A. Chevron's motion lacks legal authority, and is likely to be changed.

Chevron asks this Court to rule on a motion entirely without precedent. The Court should deny the motion outright based on Chevron's moving papers alone, but the lack of legal basis for the

1

relief Chevron seeks suggests that Chevron may well try to change its argument on reply.

After Chevron filed its Motion to Transfer, counsel for AW noted that the motion lacked any argument as to why the subpoena enforcement proceedings "might have been brought" in the Southern District of New York, as is required by 28 U.S.C. § 1404(a). Simons Decl. ¶ 12. This requirement is essential: Transfer under section 1404(a) is "expressly limited by the final clause of § 1404(a) restricting transfer to those federal districts in which the action 'might have been brought.'" *Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Chevron cites no case in which section 1404(a) has been used to transfer a third-party subpoena proceeding from the issuing court to the district of the underlying action. Indeed, in a recent letter, counsel for Chevron still failed to provide any authority for transferring such a motion pursuant to section 1404(a). Indeed, Chevron's counsel acknowledged that the Ninth Circuit has held that a motion to quash a subpoena, or to hold in contempt someone who fails to comply with a subpoena, can only be brought in "the court that issued the subpoena." *SEC v. CMKM Diamonds, Inc.*, 656 F.3d 829, 830 (9th Cir. 2011). *See* Simons Decl. ¶ 13. Although counsel are still conferring over the authority for Chevron's motion, *see id.*, AW suspects that Chevron may well try to change its argument on reply, necessitating more time to file a motion to strike new arguments or a motion for leave to file a surreply.

### B. Amazon Watch has not been obstructionist or dilatory.

Chevron complains that AW has not produced documents in response to a subpoena where the return date, and thus the obligation to produce documents, never actually passed until the day both AW and Chevron filed motions. Declaration of Marco Simons in Support of Motion to Quash ("Simons MTQ Decl."), Dkt. No. 4, ¶¶ 37-38 & Ex Y; *see also* Ex W. And that return date was set only a few business days after a protective order preventing enforcement of the subpoena was lifted. *Id.* In any case, AW's good-faith efforts to meet and confer over Chevron's subpoena have not been the cause of significant delay in resolving these issues.

AW accepted service of Chevron's documents subpoena on December 7, 2012. Declaration of Marco Simons ("Simons Decl.") ¶ 3. As evidence of the lack of dilatory intent, AW did so with an agreement to set the return date at the ordinary 14-day window, on December 21, 2012. *Id.* Because the parties had not yet concluded their meet and confer on December 21, and due to the December

holidays, Chevron agreed to extend the return date to January 10, 2012. *Id.* ¶ 4. As of January 8, the meet and confer was concluded with respect to certain issues, and ongoing with respect to others, including burden and rolling production. Simons MTQ Decl. ¶ 23 & Ex. O. Despite the fact that issues remained to be discussed, AW's counsel agreed to file, on January 10, the motion to quash regarding legal issues with respect to which the parties were at an impasse. Thus, although AW's counsel expressly noted his belief that the motion was premature, he nonetheless accommodated "[Chevron's] desire to tee up certain issues as soon as possible." *Id.*

Thereafter, on January 8, 2012, Chevron indicated that the return date would be extended due to events in the underlying case. Simons Decl. ¶ 5. Only then did AW learn that Chevron had argued to Judge Kaplan that all third-party document subpoenas needed to be served by December 1, 2012. *Id.* ¶ 7-8; Simons MTQ Decl. Ex. CC, DD.

From January 8 until February 20, 2012, AW waited for the resolution of the motions before Judge Kaplan. For 27 days during this period, a protective order, issued on January 23, was in force, preventing any enforcement of the subpoena. Simons Decl. ¶ 7. (Although Chevron claims that the order was "based in part due to a misrepresentation by AW's counsel," Mot. at 1-2, this is quite false; aside from the fact that there were no misrepresentations, AW's first letter to Judge Kaplan was not even received until January 24th. *Id.* ¶ 9; *see also* Declaration of Enrique Monagas in Support of Motion to Enforce, Dkt. No. 14, ¶ 18 & Ex. 17).) On February 20, 2012, Chevron notified AW that Judge Kaplan had ruled on February 19 that the protective order would be lifted, and demanded that AW produce documents by February 25, a new return date only three business days later. Simons Decl. ¶ 10. Naturally, while the protective order was in force, AW took no steps to gather documents, and in any event the meet and confer had not yet concluded.

The following chart demonstrates the time periods at issue:

| | | |
|---|---|---|
| Service date through original return date | 12/7-12/21 | |
| Extension of return date (over holidays) for meet and confer | 12/22-1/8 | |
| Extension of return date at Chevron's request | 1/9-1/22 | |
| Protective order in force | 1/23-2/19 | |
| Time for response after lifting of protective order | 2/20-2/25 | |

Case No.  OPPOSITION TO MOTION TO SHORTEN TIME
FOR BRIEFING OF MOTION TO TRANSFER

In all, of the 79 days since acceptance of service, the meet and confer process took a total of 38 days (14 days of which were from the original return date and which also spanned the winter holidays); Chevron's (successful) argument to Judge Kaplan regarding the service deadline took 41 days.

Chevron also suggests that proposing April 3rd as a hearing date for AW's Motion to Quash is somehow evidence of "delay and obstruction." Mot. at 2. In fact, AW simply followed the local rule. According to Civil Local Rule 7-2(a), AW's Motion to Quash could not be noticed less than 35 days after filing. The earliest possible date for a hearing would have been April 1st; AW, aware that its motion would likely be referred to Magistrate Judge Cousins, noticed the hearing date for the first Wednesday following this date, due to the fact that Judge Cousins's webpage lists Wednesdays as his civil law and motion days. *See* Magistrate Judge Nathanael Cousins, http://www.cand.uscourts.gov/nc. Chevron apparently thinks that it is evidence of obstructionism that AW chose to follow the ordinary rules.

### C. Amazon Watch has not refused to produce documents.

As recent correspondence demonstrates, it is simply not true that AW has refused to produce documents. In fact, AW has repeatedly requested that Chevron narrow their overbroad subpoena to focus on the documents actually needed, so that AW may start production. Indeed, AW asked Chevron for, and Chevron had promised to make, a proposal regarding rolling production and burden so that documents to which no privilege objection applied may be identified and produced. Simons MTQ Decl. ¶ 23 & Ex. O. AW was still awaiting that proposal when Chevron ended the meet and confer and filed its motion to compel. It is Chevron's intransigence and unwillingness to focus their document request in any reasonable way that has led to AW's inability to produce documents to date.

### D. Shortening time will pose hardships to Amazon Watch's counsel.

As detailed elsewhere, *see* Motion to Quash, Dkt. No. 3, at 7, AW has been primarily represented in the meet-and-confer process by counsel Richard Herz of EarthRights International. During Mr. Herz's recent family vacation, when the Motion to Transfer was first proposed, Marco Simons stepped in to handle these matters. Simons Decl. ¶ 11. Mr. Simons, however, will be traveling to Papua New Guinea from March 2-11 on a previously scheduled trip and thus will be unavailable the

4

entire week that Chevron is proposing for the remainder of the briefing, and the hearing, on the Motion to Transfer. *Id.* ¶ 14.

While Mr. Herz can certainly take over this matter again, doing so on an expedited schedule would prejudice AW's interests, given that in the same period Mr. Herz is also responsible for opposing Chevron's Motion to Enforce the subpoena as well as the meet and confer process for Chevron's Rule 30(b)(6) deposition of AW – in addition to other litigation responsibilities unrelated to Chevron's harassing discovery efforts against AW.

For the foregoing reasons, Amazon Watch respectfully requests that this Court deny Chevron's Motion to Shorten Time.

DATED: March 1, 2013          Respectfully submitted,

EARTHRIGHTS INTERNATIONAL

_____
Marco Simons
marco@earthrights.org
Richard Herz
rick@earthrights.org
Michelle Harrison
michelle@earthrights.org
Marissa Vahlsing
marissa@earthrights.org
1612 K Street NW, Suite 401
Washington, DC 20006
Telephone: (202) 466-5188
Facsimile: (202) 466-5189

*Counsel For Non-Party Amazon Watch*

**DECLARATION OF MARCO SIMONS**

I, Marco Simons, hereby declare as follows:

1. I am a member of the State Bar of California and the U.S. District Court for the Northern District of California and an attorney with EarthRights International, counsel for Amazon Watch. The facts stated herein are based on my personal knowledge. If called upon to do so could and would competently testify thereto.

2. Since December 2012, EarthRights International (ERI) has been representing Amazon Watch in connection with a documents subpoena arising out of *Chevron Corp. v. Donziger*, No. 11-cv-0691 (LAK) (S.D.N.Y.). Richard Herz, ERI's Litigation Coordinator, has been the lead attorney representing Amazon Watch.

3. Amazon Watch agreed to accept service of a subpoena duces tecum issued by Chevron on December 7, 2012, and agreed to a return date of December 21, 2012.

4. On December 21, 2012, Chevron and Amazon Watch agreed to extend the return date to after the holidays on January 10, 2013, since the meet and confer process had not concluded.

5. Although there were remaining issues, Amazon Watch, pursuant to the agreement with Chevron, was planning to file a motion to quash the subpoena on January 10, 2013 when, on January 8, counsel for Chevron sent an email to Amazon Watch stating that the return date would be extended to January 24, 2013, due to events in the underlying litigation.

6. Amazon Watch then learned that Chevron had successfully argued before Judge Kapaln that the December 1, 2012 should be the cut off date for the service of non-party subpoenas.

7. Judge Kaplan applied the scheduling deadline to third-party subpoenas in an Order on December 19, 2013.

8. On January 23, Judge Kaplan issued an order preventing Chevron from taking any action to enforce the subpoena issued to Amazon Watch.

9. Amazon Watch sent a letter to Judge Kaplan but it was not received until after Judge Kaplan made his order.

10. On February 20, 2013, I received a letter from Chevron's counsel, stating that Judge Kaplan had reinstated the Amazon Watch subpoena on February 19, 2013. Counsel for Chevron stated that

1

Case No.                     DECLARATION OF MARCO SIMONS

the new return date would be February 25, 2013 – only 3 business days later.

11. While my colleague Richard Herz was on a brief, previously scheduled family vacation, I stepped in temporarily to represent Amazon Watch with respect to the subpoena issued by Chevron.

12. On February 26, 2013, I emailed counsel for Chevron regarding the Motion to Transfer, stating in part: "Where there is no consent to transfer, 28 USC 1404(a) applies only where the action 'might have been brought' in the district to which transfer is sought. I can't seem to find anything in your motion that addresses this point, and I cannot find any legal authority that suggests that these subpoenas could have been brought in SDNY. Maybe I'm missing something, but this seems to be such an obvious infirmity that your motion should be withdrawn. Please let me know if you have time today or tomorrow to discuss." I received no response to this email.

13. In a letter sent on February 28, 2013, Chevron counsel Ethan Dettmer stated in part: "In *SEC v. CMKM Diamonds, Inc.*, the Ninth Circuit held only that a motion to quash a subpoena could not be brought directly to the district court presiding over the underlying action. 656 F.3d 829, 830 (9th Cir. 2011)." Mr. Dettmer cited no cases in which a subpoena enforcement proceeding had been transferred to the court in the underlying action pursuant to 28 U.S.C. § 1404(a). Counsel for Amazon Watch continue to confer with counsel for Chevron concerning the legal basis for the Motion to Transfer.

14. As I informed Chevron's counsel, I will be in Papua New Guinea for work and unavailable from March 2, 2013 until March 11, 2013.

I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct. Executed on March 1, 2013.

_____
Marco Simons

2

Case No.                           DECLARATION OF MARCO SIMONS