ETHAN D. DETTMER, SBN 196046
  edettmer@gibsondunn.com
ENRIQUE A. MONAGAS, SBN 239087
  emonagas@gibsondunn.com
AIMEE M. HALBERT, SBN 279144
  ahalbert@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

*Attorneys for Plaintiff Chevron Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>STEVEN DONZIGER, *et al.*,<br><br>　　　　　　Defendants. | Case No. 13-mc-80038-CRB<br><br>**CHEVRON CORPORATION'S OPPOSITION TO AMAZON WATCH'S ADMINISTRATIVE MOTION TO ENLARGE TIME TO RESPOND TO DEPOSITION SUBPOENA** |

The noticed date of February 26, 2013, for the deposition of Amazon Watch has come and gone, and Amazon Watch has failed either to appear for the deposition or to file (much less receive a ruling on) a motion to quash or for a protective order. Amazon Watch even failed to propose an alternative date on which it would be available for the deposition. With discovery deadlines quickly approaching in the underlying litigation, Amazon Watch has delayed this proceeding in a manner consistent with its allies. *See* Dkt. 14, Ex. 22, at 1 ("Defendants and/or their allies have resisted discovery to an astonishing degree"). Indeed, rather than avail itself of any of the well-recognized procedural avenues to respond to a deposition subpoena, Amazon Watch waited until the afternoon before the noticed deposition date to file an administrative motion asking this Court to enlarge the time for Amazon Watch to respond. Because a last-minute motion to enlarge is procedurally improper—and this particular motion is substantively meritless—the Court should not reward Amazon Watch for disregarding a subpoena issued under this Court's authority.[1] Instead, the Court should not only direct Amazon Watch to comply with the subpoena by producing its corporate representative no later than March 12, 2013, to give testimony, but also hold that Amazon Watch waived its opportunity to file a motion to quash or modify or to seek a protective order. *See* Fed. R. Civ. P. 45(e) (the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena").

**A.  Amazon Watch Failed to Obey a Properly Served Subpoena.**

After providing counsel an opportunity to accept service on behalf of Amazon Watch, Chevron served the subpoena on February 12, 2013, noticing a deposition date of February 26, 2013. Decl. of Enrique A. Monagas in Supp. of Chevron's Opp'n to Mot. to Enlarge Time ("Monagas Decl.") ¶¶ 7, 9; Ex. 3.[2] In initial correspondence regarding the subpoena, Amazon Watch's counsel wrote that Amazon Watch and Atossa Soltani, its Executive Director, intended to assert the "rights and objections" raised in response to Chevron's November 28, 2012 document subpoena to Amazon

---

[1] Although the subpoena was issued under this Court's authority, Chevron has moved to transfer motion practice associated with the Amazon Watch subpoena to produce documents to the Southern District of New York, Dkt. 18, and has requested that motion practice associated with this deposition subpoena also be transferred in the interest of judicial economy. *Id.* at 1 n.1.

[2] Amazon Watch has not challenged the form or service of the subpoena.

1  Watch. *Id.* ¶ 10.[3] On February 14, 2013, Amazon Watch informed Chevron that it would designate
2  Ms. Soltani as its Rule 30(b)(6) representative. *Id.* ¶ 12. Despite acknowledging that it had already
3  met and conferred with Chevron regarding Amazon Watch's "substantive objections" to the
4  document subpoena, Amazon Watch's counsel claimed that in the deposition context "other issues
5  may be implicated." *Id.* ¶ 14. The next day, Amazon Watch's counsel advised that rather than make
6  Ms. Soltani available, they were preparing a motion for a protective order. *Id.* ¶ 16 (stating they
7  would be seeking a "protective order with respect to Amazon Watch"); *see also id.* ¶ 17 ("Thank you
8  for confirming that Amazon Watch intends to seek a protective order and will not be making Ms.
9  Soltani available for deposition on February 26."). *Cf.* Dkt. 1, at 2 ("[I]t is likely that AW would
10 move to quash or modify the subpoena.").

11 On February 20, 2013, more than a week after Chevron served the subpoena, Amazon Watch
12 sent Chevron its position statement regarding the deposition subpoena. Monagas Decl. ¶¶ 18-19; Ex.
13 4. The statement, however, simply reiterated its prior arguments about the deposition subpoena and
14 recycled contentions from its December 13, 2012 letter regarding the document subpoena.[4] *See id.*
15 Exs. 1, 4. As Amazon Watch admits, Chevron then "requested a time for a telephonic conference"
16 with Amazon Watch regarding its statement. Dkt. 1, at 3; *see also* Monagas Decl. ¶¶ 17, 20. But
17 Amazon Watch's attorneys did not make themselves available, instead advising that because of
18 vacation plans they could not confer until February 26, 2013, the subpoena's return date. Monagas
19 Decl. ¶ 21; *see also id.* ¶ 23. Not surprisingly, neither Ms. Soltani nor any other Amazon Watch
20 representative appeared for the properly noticed deposition on February 26, 2013. *Id.* ¶ 25. The next
21 day, Amazon Watch's counsel, apparently back from vacation, wrote Chevron to schedule a meet and

---

[3] As discussed in Chevron's February 25, 2013 motion to enforce, Dkt. 13, Chevron timely served Amazon Watch with a subpoena to produce documents on November 28, 2012. Dkt. 14, Exs. 3, 19. Like the deposition subpoena at issue here, the subpoena to produce documents sought evidence from Amazon Watch regarding its collusion with the Lago Agrio Plaintiffs' representatives in their extortionate efforts to compel Chevron to settle the corrupt Lago Agrio litigation. Beginning in mid-December 2012, Chevron and Amazon Watch began to correspond regarding the initial document subpoena. *See* Monagas Decl. ¶¶ 3-4; Ex. 1.

[4] Indeed, at times, the letters' objections are identical. *Compare* Monagas Decl. Ex. 4, at 3 *with* Ex. 1, at 2-3. Further, the statement did not satisfy Amazon Watch's meet and confer obligations. *See* Civ. L.R. 1-5(n) ("The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to 'meet and confer' or to 'confer.'").

confer regarding the deposition subpoena. *Id.* ¶ 26.

On March 1, 2013, counsel for Chevron and counsel for Amazon Watch met and conferred by telephone regarding the deposition subpoena. *Id.* ¶ 28. Amazon Watch agreed during that call that the parties had reached an impasse on all of the substantive issues. *Id.*

**B.    Amazon Watch Filed a Procedurally-Improper Motion to Enlarge Time.**

"Generally, unless a . . . witness files a motion for a protective order and seeks and obtains a stay *prior* to the deposition, a . . . witness has no basis to refuse to attend a properly noticed deposition." *Huene v. U.S. Dep't of Treasury*, No. 2:11-cv-2110, 2013 WL 417747 (E.D. Cal. Jan. 31, 2013) (emphasis in original); *see also Anderson v. Abercrombie & Fitch Stores, Inc.*, No. 06-cv-991, 2007 WL 1994059, at *8 (S.D. Cal. July 2, 2007) ("[A] motion to quash must be not only made but *granted* before the scheduled deposition to excuse compliance.") (quotation marks and citation omitted; emphasis in original). Permitting an administrative motion alone to excuse non-appearance would "be an intolerable clog upon the discovery process." *See Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964). Indeed, "unless [the proposed deponent] has obtained a court order that postpones or dispenses with his duty to appear, that duty remains." *Id.* As Rule 45(e) underscores, absent an adequate excuse, a non-party's failure to comply with a subpoena amounts to contempt. Fed. R. Civ. P. 45(e). Here, Amazon Watch offers two equally unconvincing excuses for its failure to comply with the subpoena or to file a timely motion under Rule 26(c)(1) or Rule 45(c)(3).

**1.    Amazon Watch Failed to Prepare and Produce a Corporate Representative for the Properly Noticed Deposition.**

Amazon Watch claims that Ms. Soltani could not have prepared for the deposition in the two weeks between service of the subpoena and the return date. Dkt. 1, at 1-2. But to the extent that Amazon Watch believed this to be the case, the federal rules provide the option of moving to quash or modify the subpoena. *See* Fed. R. Civ. P. 45(c)(3)(A)(i) ("On timely motion, the issuing court must quash or modify a subpoena that . . . fails to allow a reasonable time to comply."). Because Rule 45(c)(3)(A)(i) provides the vehicle for the *exact* type of challenge that underlies Amazon Watch's motion to enlarge time, Amazon Watch should not be heard to claim now that "substantial

1  harm or prejudice . . . would occur if the Court did not change the time." Civ. L.R. 6-3(a)(3).

2  Regardless, Amazon Watch fails to show that the subpoena did not, in fact, allow Ms. Soltani

3  reasonable time to prepare. It is undisputed that Amazon Watch had at least fourteen days to prepare

4  Ms. Soltani. Yet she estimated that it would take only five days to prepare. Dkt. 1, Soltani Decl. ¶ 6.

5  Even assuming her five-day estimate was reasonable, Ms. Soltani claimed that it would "not be

6  possible" to devote that time "[g]iven the duties of her job." *Id.* ¶ 7. Tellingly, however, Ms.

7  Soltani's declaration lacks any statement that she or anyone else at Amazon Watch even began

8  preparing for the deposition. *See generally id.*[5] And her contention about her job duties, which

9  reduces to the argument that she had better things to do, cannot suffice as a valid objection. *Cf.*

10 *Brooke Credit Corp. v. Lobell Ins. Servs, LLC*, No. 06-2577, 2007 WL 4125791, at *2 (D. Kan. Nov.

11 15, 2007) ("Discovery often involves effort and expenditure . . . . The rules of discovery do not

12 guarantee or provide some easy procedure.").

### 2. Amazon Watch's Counsel Refused to Schedule a Time to Meet and Confer before the Subpoena's Return Date.

15 Amazon Watch claims that it needed additional time to meet and confer with Chevron

16 regarding the subpoena. Dkt. 1, at 2-3. Chevron noted however that the meet and confer was likely

17 to be redundant of the discussions regarding the document subpoena. *See* Monagas Decl. ¶ 13.

18 Amazon Watch then demurred, asserting that "other issues may be implicated." *Id.* ¶ 14. Yet

19 Amazon Watch's substantive "statement" regarding its position on the subpoena merely repackaged

20 its objections to the document subpoena and its earlier arguments regarding the deposition subpoena.

21 *Compare id.* Ex. 4 *with* Ex. 1. Amazon Watch then informed Chevron that the attorney who had

22 been handling negotiations to that point for Amazon Watch was handing responsibility off to a

23 different colleague, who happened to be on vacation until the subpoena's return date. *Id.* ¶¶ 19, 21.

24 Thus, despite their insistence on the need to confer, and despite Chevron's requests, neither attorney

---

[5] Further, in demanding that Chevron point Ms. Soltani to specific documents it plans to question her about during the deposition (*see* Dkt. 1, at 2), Amazon Watch misapprehends Chevron's obligations. There is no requirement that Chevron—which has yet to receive a production of documents from Amazon Watch—outline the deposition for Amazon Watch and provide it with exhibits in advance. *See La. Pac. Corp. v. Money Market 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 486 (N.D. Cal. 2012).

representing Amazon Watch made himself available to confer before the subpoena's return date. *See* Dkt. 1, at 3.

Finally, on February 27, 2013, the day *after* the return date, Amazon Watch's counsel contacted Chevron, claiming that *Chevron* had failed to meet and confer by, among other things, not attempting "to find a mutually appropriate date" for the deposition. Monagas Decl. ¶ 26. These claims are false. For example, on February 13, 2013, the day after serving the subpoena, Chevron's counsel wrote to Amazon Watch stating: "The deposition is currently noticed for Tuesday, February 26. Please let us know if that date works for your client." *Id.* ¶ 11. Yet Amazon Watch *never* proposed an alternative date. And because the parties had already reached an impasse with respect to Amazon Watch's substantive objections to the deposition subpoena, *id.* ¶ 28, Amazon Watch's claims that it needed additional time to meet and confer appear like nothing more than an effort to delay discovery.

**C.     Rather Than Reward Amazon Watch, the Court Should Order It to Comply Immediately.**

The federal rules provide a vehicle for each potential challenge to the deposition subpoena that Amazon Watch has raised. Accordingly, there is no excuse for its failure to produce Ms. Soltani for deposition, move to quash or modify, or move for a protective order within the required timeframe. Granting Amazon Watch's motion would encourage gamesmanship and slow discovery proceedings to a crawl when deadlines are fast approaching in the underlying case. To avoid this, the Court should deny Amazon Watch its requested relief and instead order Amazon Watch to produce its corporate representative by March 12, 2013—*its own proposed date* (Dkt. 1, at 4)—and hold that Amazon Watch waived its opportunity to challenge the subpoena under Rule 26(c)(1) or Rule 45(c).

Dated: March 1, 2013                              Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:      */s/* Ethan D. Dettmer
                Ethan D. Dettmer

*Attorneys for Plaintiff Chevron Corporation*