Marco Simons [SBN #237314]
marco@earthrights.org
Richard Herz
rick@earthrights.org
Michelle Harrison
michelle@earthrights.org
Marissa Vahlsing
marissa@earthrights.org
EARTHRIGHTS INTERNATIONAL
1612 K Street NW, Suite 401
Washington, DC 20006
Telephone: (202) 466-5188
Facsimile: (202) 466-5189

Jose Luis Fuentes
jlf@siegelyee.com
Siegel & Yee
499 14th Street Ste 300
Oakland, CA 94612
Tele: (510) 839-1200
Facsimile: (510) 444-6698

Attorneys for Non-Party Amazon Watch

# UNITED STATES DISTRICT COURT

# FOR THE NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEVRON CORP., <br><br> Plaintiff, <br><br> v. <br><br> STEVEN DONZIGER, *et al.* <br><br> Defendants. | Case No. C 13-80038-MISC CRB <br><br> **MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

Pursuant to Civil Local Rule 7-9, Amazon Watch (AW) respectfully moves for leave to file a motion for reconsideration of this Court's Order Granting Motion to Shorten Time, Dkt. No. 25

("Order"). Amazon Watch believes reconsideration is warranted because the Court issued the Order without the benefit of AW's opposition papers, and thus that, pursuant to Rule 7-9(b)(1), "a material difference in fact or law exists from that which was presented to the Court before entry of the" Order.

On Monday, February 25, Amazon Watch and Chevron each filed a motion pursuant to Civil Local Rule 6-3, requesting to enlarge and shorten time on different matters; AW's motion was filed first. *See* Dkt. No. 1 (Amazon Watch motion); Dkt. No. 20 (Chevron motion). Pursuant to Rule 6-3, the parties each had four days to respond to such motions. AW filed its response within the time period under the rules, e-filing its opposition to Chevron's motion at 4:08pm on Friday, March 1. *See* Dkt. No. 26. Chevron e-filed its opposition to AW's motion later that day, at 5:52pm. *See* Dkt. No. 27. A few minutes before AW filed its opposition, however, at 3:44pm, the Court granted Chevron's motion, without the benefit of the factual and legal arguments in the opposition.

Amazon Watch's Opposition, Dkt. No. 26, sets forth the reasons for denying Chevron's motion: the motion lacks a basis in law and Chevron is likely to change its arguments on reply; AW has been meeting and conferring in good faith and, except for the time that such a process takes on such a complex subpoena, is not responsible for the delays Chevron complains of; and AW's representation will be prejudiced by shortening time, due to travel by its counsel.

Amazon Watch has been represented by EarthRights International (ERI), and the undersigned counsel, Marco Simons, is the only lawyer from ERI admitted to practice before this Court. But the undersigned counsel is unavailable next week due to previously scheduled work travel to a remote area of Papua New Guinea. Amazon Watch does have other counsel, but only Jose Luis Fuentes, who appeared for Amazon Watch yesterday, is currently admitted in the Northern District, *see* Dkt. No. 24, and he will be traveling in Alaska on Tuesday, March 5, and in any event has participated in no substantive discussions regarding the Motion to Transfer. ERI attorney Richard Herz, who has been leading the representation of Amazon Watch, has moved for admission *pro hac vice* but is not yet admitted. *See* Dkt. No. 28. The undersigned counsel would, however, be returning in time to file Amazon Watch's response to the Motion to Transfer on March 11, under the ordinary schedule.

There is no legal basis for transfer pursuant to 28 U.S.C. § 1404(a), as detailed in Amazon Watch's Opposition, Dkt. No. 26; the likelihood that Chevron will change its basis for the motion is

Case No. 13-80038-MISC　　MOTION FOR LEAVE TO FILE A
　　　　　　　　　　　　　MOTION FOR RECONSIDERATION

high. Indeed, Chevron has suggested, in correspondence since the Motion to Transfer was filed, that it may rely on caselaw not referenced in the motion and an entirely different legal basis than section 1404(a). This puts AW in the position of either needing to guess what arguments Chevron will make and preemptively refute them, which would only work in any event if AW happens to guess correctly, or more likely, of needing to file a motion to strike or a motion for leave to file a surreply or a surreply itself on the single day between the filing of Chevron's reply brief on March 6 and the hearing on March 8—and to do so in sufficient time to give the Court the opportunity to actually consider AW's argument—all while preparing for and travelling to the hearing.

Most importantly, however, Amazon Watch was given no notice that the Court intended to rule before the four-day window for opposing the Motion to Shorten Time was up, and thus no meaningful opportunity to oppose Chevron's motion. Chevron's stated concerns for urgency do not override the need to treat third-parties fairly.

For the foregoing reasons, Amazon Watch respectfully requests that this Court grant leave to file a motion for reconsideration of the Order Granting the Motion to Shorten Time, Dkt. No. 25.

DATED: March 2, 2013

Respectfully submitted,

EARTHRIGHTS INTERNATIONAL

_____
Marco Simons
marco@earthrights.org
Richard Herz
rick@earthrights.org
Michelle Harrison
michelle@earthrights.org
Marissa Vahlsing
marissa@earthrights.org
1612 K Street NW, Suite 401
Washington, DC 20006
Telephone: (202) 466-5188
Facsimile: (202) 466-5189

Jose Luis Fuentes
jlf@siegelyee.com
Tele: (510) 839-1200
Facsimile: (510) 444-6698

*Counsel For Non-Party Amazon Watch*

3

Case No. 13-80038-MISC

MOTION FOR LEAVE TO FILE A
MOTION FOR RECONSIDERATION