Marco Simons [SBN #237314]
marco@earthrights.org
Richard Herz
rick@earthrights.org
Michelle Harrison
michelle@earthrights.org
Marissa Vahlsing
marissa@earthrights.org
EARTHRIGHTS INTERNATIONAL
1612 K Street NW, Suite 401
Washington, DC 20006
Telephone: (202) 466-5188
Facsimile: (202) 466-5189

Jose Luis Fuentes
jlf@siegelyee.com
Siegel & Yee
499 14th Street Ste 300
Oakland, CA 94612
Tele: (510) 839-1200
Facsimile: (510) 444-6698


Attorneys for Non-Party Amazon Watch

**UNITED STATES DISTRICT COURT**

**FOR THE NOTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CHEVRON CORP., | ) | Case No. C 13-80038-MISC CRB (NMC) |
| | ) | |
| Plaintiff, | ) | **NON-PARTY AMAZON WATCH'S** |
| | ) | **OBJECTION TO CHEVRON** |
| v. | ) | **CORPORATION'S OPPOSITION TO** |
| | ) | **AMAZON WATCH'S ADMINISTRATIVE** |
| STEVEN DONZIGER, *et al.* | ) | **MOTION TO ENLARGE TIME TO** |
| | ) | **RESPOND TO DEPOSITION** |
| Defendants. | ) | **SUBPOENA; DECLARATION OF** |
| | ) | **RICHARD HERZ IN SUPPORT** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**CHEVRON'S OPPOSITION IS A PROCEDURALLY IMPROPER ATTEMPT TO OBTAIN A REMEDY WITHOUT ANY BRIEFING BY AMAZON WATCH.**

Non-party Amazon Watch (AW) filed an ordinary Administrative Motion to enlarge time, so the parties could finish an ongoing meet and confer. In response, Chevron improperly filed what is in effect a new motion, seeking a remedy *for* Chevron. And the remedy they seek is extraordinary. According to Chevron, the fact that AW asked the Court for a small amount of additional time to file its burden and First Amendment objections, rather than filing a premature motion to quash, bars AW from ever raising its objections. Dkt. 27 at 1, 5.

Worse, Chevron asks this Court to rule for it without hearing from AW not only on the merits, but also with respect to their erroneous waiver argument itself. A party filing an Administrative Motion is not ordinarily afforded a reply. Thus, Chevron seeks to have this Court impose their extreme penalty without any briefing by AW. This Court should reject Chevron's procedural ploy to deny AW even the opportunity to argue that it should have the opportunity to raise its substantive objections. If Chevron wishes to raise this argument, it should be required to file a motion or assert it in its opposition to AW's forthcoming motion to quash, and thereby to afford AW an opportunity to fully respond.[1]

**CHEVRON'S CLAIM THAT AW HAS WAIVED ITS RIGHT TO OBJECT LACKS MERIT.**

What Chevron asserts to be a deadline that triggered waiver of AW's objections was no deadline at all. Local Rule 30-1 prohibits a party from simply ordering a deponent to show up on a date of its choosing; instead it must meet and confer about scheduling. Chevron refused. AW repeatedly informed Chevron that Ms. Soltani, AW's designated 30(b)(6) representative, did not have adequate time to prepare; reminded Chevron that AW had not received Chevron's position on the numerous objections AW raised in a detailed letter and thus that the substantive meet and confer had

---

[1]In an abundance of caution, AW briefly describes below some of the reasons Chevron's argument fails. But given the need to draft this Objection over a weekend so that the Court has it when it considers Chevron's Opposition, and the fact that replies are not typically filed with respect to Administrative Motions, which themselves have tight page limits, AW has had neither the time nor the space to fully address Chevron's argument. Nonetheless, because it is already clear that AW acted reasonably and in good faith to meet and confer as the Rules require, and that Chevron's argument is meritless, this Court can deny Chevron's request outright.

-1-

OBJECTION TO CHEVRON'S OPPOSITION TO ADMINISTRATIVE MOTION TO ENLARGE TIME

not concluded; and noted Chevron's Local Rule 30-1 obligation. Dkt. 27-1 at 15, 16, 19; *see also* Herz

Decl. ¶15; Ex. A. Rather than working with AW to agree on a schedule that would allow the parties to

finish the substantive meet and confer and brief any disputes, Chevron declared that it could dictate

the date of the deposition and thus the "deadline" for filing a motion to quash. Dkt. 27-1 at 15, 17.

That is precisely what Local Rule 30-1 forbids. Since there therefore was no "properly noticed

deposition," the cases Chevron cites regarding the failure to appear at such a deposition are irrelevant.

*See* Opp. at 3, quoting *Huene v. U.S. Dep't of Treasury*, No. 2:11-cv-2110, 2013 WL 417747 (E.D. Cal.

Jan. 31, 2013).[2]

Chevron claims that by filing a motion to allow time to finish an uncompleted meet and

confer, AW engaged in some sort of delaying tactic "because the parties had already reached an

impasse with respect to Amazon Watch's substantive objections." Opp. at 5. That is false.

First, as Mr. Monagas' own declaration concedes, the parties did not reach an impasse until the

March 1 telephonic meet and confer. Dkt. 27-1 at 4-5 ¶28; Herz Decl. ¶¶9-15. Chevron suggests that

the need to meet and confer was a formality because it was likely to cover the same issues as the prior

(incomplete) document subpoena meet and confer. Dkt. 27 at 4. But the meet and confer itself proves

otherwise. AW's February 20th letter identified a host of issues unique to the deposition subpoena.[3]

---

[2] Any interpretation of Local Rule 30-1 that allows a party to refuse to meet and confer regarding scheduling and force the deponent to obtain a protective order prior to the date on the subpoena would eviscerate the Rule. Chevron suggested, without authority, that Local Rule 30-1 does not apply where a party will file a motion to quash. Dkt 27-1 at 14. But AW never said that it was definitely filing a motion to quash, nor could it have before the meet and confer concluded. Herz Decl. Ex. A. Regardless, this case shows why it cannot be that Local Rule 30-1 applies only if the deponent has no objections to the subpoena. Chevron never provided its position on AW's objections until after its "deadline" passed. Under Chevron's view, every issuing party could do likewise, and force a deponent to attempt to obtain a protective order based on a premature motion to quash, and claim waiver if she does not.

[3] AW objected to the breadth of that subpoena, Dkt 27-1 at 32-34, the burden of preparing for the 30(b)(6) deposition, *id.*, and Chevron's effort to depose Ms. Soltani twice. *Id.* at 30. AW also sought Chevron's position as to whether Chevron was willing to give Ms. Soltani some indication of the documents they intended to question her on so that she could adequately prepare, *id.* at 31, 33, whether objections to both depositions would be briefed together, *id.* at 30, whether if more than one day was ordered, they would be scheduled back-to-back, *id.* at 30-31, whether Chevron would assert that answering questions in the deposition would waive rights and privileges with respect to the document production, *id.* at 31, the applicable time frame about which Chevron intends to question the deponent, *id.* at 32, whether Chevron's new position in the underlying litigation that it no longer

*(footnote continued on following page)*

| Case No. C 13-80038-MISC CRB (NMC) | OBJECTION TO CHEVRON'S OPPOSITION TO ADMINISTRATIVE MOTION TO ENLARGE TIME |

These were the issues discussed on the March 1 call. Herz Decl. ¶¶8-15. Prior to the call, AW did not know Chevron's position on these issues, because Chevron refused to provide it. Dkt 27-1 at 15; Herz Decl. Ex. A. Chevron did not compromise one iota on any of the substantive issues addressed. Herz Decl. ¶¶9-15. AW could not have known Chevron would take such a hard line, and thus could not know the need for, or parameters of, a motion to quash, until the telephonic meet and confer actually occurred. Herz Decl. ¶15; Ex. A.

Second, Chevron's assertion that AW sought delay is further belied by the fact that the meet and confer was over a mere three days after Chevron's "deadline."[4] And since it was finished *before* Chevron filed its brief, it sought this extraordinary remedy despite knowing the "delay" was trivial.

Indeed, the meet and confer might have concluded even sooner if Chevron had not refused to respond in writing to AW's written position. Moreover, at the time, AW's counsel hoped, erroneously as it turned out, that Chevron would be willing to engage in a real meet and confer involving compromise on both sides. Thus, AW asked for a written response during the brief absence of Mr. Herz—AW's lead attorney who had already engaged in hours of negotiations with Chevron about the document subpoenas—so that counsel could ascertain Chevron's positions, and confer with its client, and then Mr. Herz, who was most familiar with all of the issues, could negotiate by phone upon his return a few short days later. That approach was eminently reasonable. But that is the conduct that Chevron now claims is so serious as to bar AW from even raising their substantive objections.

Chevron concedes that "Rule 45(c)(3)(A)(i) provides the vehicle for the *exact* type of challenge that underlies Amazon Watch's motion to enlarge time." Opp. at 3 (emphasis in original). Thus, their argument is that AW has waived its rights, not because it sought relief when it was not permitted to do so, but rather because it allegedly filed the wrong motion. Does a deponent's right to raise objections—including those asserting well-established First Amendment protections—really turn on

---

*(footnote continued from preceding page)*
contests the fact of oil pollution renders information about Amazon Watch drawing attention to the pollution irrelevant, *id.* at 33-34, whether Chevron would cover reasonable costs, *id.* at 35, and whether Chevron was willing to enter a stipulation designed to protect AW's First Amendment rights. *Id.*

[4] The only sense in which it is not complete is that AW is waiting for *Chevron* to provide its position on certain matters. Herz Decl. ¶¶13-14.

Case No. C 13-80038-MISC CRB (NMC)    OBJECTION TO CHEVRON'S OPPOSITION TO ADMINISTRATIVE MOTION TO ENLARGE TIME

such empty formalism?

**CONCLUSION**

      Had Chevron followed the Local Rules, it never would have forced AW to seek relief from the Court. Its attempt to gain a windfall from its own intransigence by preventing AW from even asserting its objections is both procedurally improper and meritless, and should be rejected.

DATED: March 4, 2013               Respectfully submitted,

                                       EARTHRIGHTS INTERNATIONAL

                                       _____

                                       Marco Simons
                                       marco@earthrights.org
                                       Richard Herz
                                       rick@earthrights.org
                                       Michelle Harrison
                                       michelle@earthrights.org
                                       Marissa Vahlsing
                                       marissa@earthrights.org
                                       1612 K Street NW, Suite 401
                                       Washington, DC 20006
                                       Telephone: (202) 466-5188
                                       Facsimile: (202) 466-5189

                                       Jose Luis Fuentes
                                       jlf@siegelyee.com
                                       Siegel & Yee
                                       499 14th Street Ste 300
                                       Oakland, CA 94612
                                       Tele: (510) 839-1200
                                       Facsimile: (510) 444-6698

                                       *Counsel For Non-Party Amazon Watch*

Case No. C 13-80038-
MISC CRB (NMC)
           OBJECTION TO CHEVRON'S OPPOSITION TO
           ADMINISTRATIVE MOTION TO ENLARGE TIME

# DECLARATION OF RICHARD HERZ

I, Richard Herz, hereby declare as follows:

1.    I am a member of the State Bar of New York and my application to appear *pro hac vice* in this action is currently pending. I am an attorney with and the Litigation Coordinator for EarthRights International, counsel for Amazon Watch (AW) and Atossa Soltani. The facts stated herein are based on my personal knowledge. If called upon to do so could and would competently testify thereto.

2.    Since December 2012, EarthRights International (ERI) has been representing Amazon Watch in connection with a document subpoena arising out of *Chevron Corp. v. Donziger*, No. 11-cv-0691 (LAK) (S.D.N.Y.). I have been the lead attorney representing Amazon Watch in this matter.

3.    While I was on a brief, previously scheduled family vacation, my colleague Marco Simons stepped in temporarily to represent Amazon Watch with respect to the subpoenas issued by Chevron.

4.    On February 20, Mr. Simons sent counsel for Chevron a seven page single-spaced letter detailing AW's objections to Chevron's 30(b)(6) deposition subpoena, and stating AW's position regarding the interplay between that subpoena and Chevron's effort to conduct a separate individual deposition of AW's corporate representative, Atossa Soltani. Dkt. 27-1 at 29-35.

5.    Chevron declined to respond in writing to most of the substance of that letter.

6.    On February 28, 2013, the parties agreed through email on a time to meet and confer by telephone. A true and correct copy of the relevant email chain is attached hereto as Exhibit A.

7.    On March 1, 2013, Marissa Vahlsing and I representing Amazon Watch had a telephonic meet and confer with counsel from Gibson Dunn representing Chevron. The lawyers on the call for Chevron were Robert Blume, Enrique Monagas, Aimee Halbert and Daniel Tom. The subject of the meet and confer was the subpoena under which Chevron seeks a 30(b)(6) deposition of Amazon Watch through its corporate representative Ms. Soltani, and to a lesser extent, the interplay between the 30(b)(6) subpoena and Chevron's effort to depose Ms. Soltani again as an individual.

8.    I began the meet and confer by noting that Amazon Watch has serious First Amendment and other privilege objections to the scope of the subpoena. I noted, however, that since the parties had discussed the application of the First Amendment and other privileges in the context of Chevron's document subpoena, and had already reached impasse, I expected that it would be more

useful to discuss the numerous issues that are unique to the deposition subpoenas. Counsel for Chevron agreed.

9.   I stated AW's position that the burden of deposing Ms. Soltani twice is not justified, since there is nothing she would know in her individual capacity that would not be covered in the 30(b)(6) deposition. Chevron's counsel stated that they wished to conduct the 30(b)(6) deposition of Ms. Soltani immediately, then receive documents, and then depose her again in her individual capacity if they had additional questions about the documents. I noted that a party can always find additional questions to ask about documents, and that the burden on Ms. Soltani and Amazon Watch of deposing her twice was excessive. Chevron refused to agree to depose Ms. Soltani only once.

10.   I noted AW's position that if there were to be two depositions, they should be on consecutive days to limit the burden on Ms. Soltani and Amazon Watch.  Chevron refused to agree to consecutive days of deposition.

11.   I noted AW's objections that the subpoena is unduly broad, and the burden on Amazon Watch and Ms. Soltani of attempting to prepare for such a deposition—given the tens of thousands of potentially relevant documents, and Ms. Soltani's belief that she might need to travel to Ecuador to consult with current and former colleagues—is unwarranted. I asked Chevron's counsel if they were willing prioritize the issues about which Chevron intended to depose Amazon Watch and limit the scope accordingly, in hopes that we could reach agreement on the scope and therefore avoid litigating AW's burden objection. Chevron's counsel claimed that all of the issues identified were their priority and that Ms. Soltani should be able to answer all of Chevron's questions "tomorrow" without preparation, and refused to limit the subpoena in any way.

12.   I asked Chevron if, given our concerns with the First Amendment implications of the subpoena, and in particular with allowing Chevron to depose its opponent in a political campaign about the strategy and tactics of that campaign, we might agree to a protective order to ensure that information gathered would, at least prior to be submitted in the litigation, not go beyond Chevron's outside counsel. Chevron refused.

13.   Ms. Vahlsing and I then noted AW's position that Chevron should reimburse AW for the reasonable costs of preparing for and travelling to the deposition, which would likely be substantial for

Case  No.  C  13-80038-
MISC CRB (NMC)                          DECLARATION OF RICHARD HERZ

a small organization like AW. Chevron's counsel stated that it would check, but made abundantly clear that there was virtually no chance Chevron would agree.

14.   On two issues, Chevron's counsel did not take a position and promised to get back to me. First, counsel promised to inform me of the timeframe about which Chevron intended to depose AW. Second, counsel promised to let me know their position as to whether, in their view, answering questions in the deposition could serve as a waiver of privilege with respect to documents.

15.   Given that Chevron made clear in the call that it: was unwilling to narrow the subpoena in any way, would not stipulate to a protective order to protect AW's First Amendment interests and insisted that it should have the right to depose Ms. Soltani twice, and given that the parties had previously reached an impasse on privilege issues, it became clear to me that AW would need to seek relief from the Court. Accordingly, I asked Chevron's counsel if they would be willing to try to work out a briefing schedule. Chevron's counsel claimed that by filing its motion to enlarge time, AW had waived its rights to object. I reminded Chevron that, until the very call we were then having, we had not completed the meet and confer. Chevron filed its Opposition claiming waiver later that day.


I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct. Executed on March 3, 2013, in West Hartford, CT.

/s/     Richard Herz_____
Richard Herz

**ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I hereby attest that I have obtained concurrence in the filing of this Declaration from the signatory listed above.

/s/_Marco Simons_____
Marco Simons

Case No. C 13-80038-MISC CRB (NMC)                    DECLARATION OF RICHARD HERZ

# EXHIBIT A

**Marco Simons** <marco@earthrights.org>                                                                                    Wed, Feb 27, 2013 at 10:38 PM
To: "Monagas, Enrique A." <EMonagas@gibsondunn.com>
Cc: Rick Herz <rick@earthrights.org>, Michelle Harrison <michelle@earthrights.org>, Marissa Vahlsing <marissa@earthrights.org>, "Blume, Robert C." <RBlume@gibsondunn.com>, "Partridge, John D.W." <JPartridge@gibsondunn.com>, "Halbert, Aimee M." <AHalbert@gibsondunn.com>, "Tom, Daniel K." <DTom@gibsondunn.com>

Hi Enrique,
Rick's handling the substance, but I wanted to correct one point. If I gave you the impression that "Amazon Watch would not be attending the deposition, no matter what date it was noticed for, and would instead be filing a motion to quash or a motion for a protective order," I think that was a misimpression, because I can't find anything in our correspondence that states as much. I said that we didn't think there was sufficient time to prepare before the 26th, and I don't think there was any discussion of dates after that - I don't think you even asked how long we'd need to prepare, or for an alternate date. I said that we would be filing a motion if we couldn't come to agreement on the outstanding issues, but since there was no discussion of the substance of the issues, I couldn't have known whether such a motion was necessary. The only motion I said AW was likely to file was a protective order to prevent service of a subpoena while Ms. Soltani was attending a deposition, but even that is of course subject to further meeting and conferring.

If there's something in our correspondence that substantiates your statement, I'm happy to be corrected. Just want to make sure we're all on the same page.

Sincerely,
Marco

---

**Rick Herz** <rick@earthrights.org>                                                                                        Thu, Feb 28, 2013 at 6:01 PM
To: "Monagas, Enrique A." <EMonagas@gibsondunn.com>, Marco Simons <marco@earthrights.org>, Michelle Harrison <michelle@earthrights.org>, Marissa Vahlsing <marissa@earthrights.org>
Cc: "Blume, Robert C." <RBlume@gibsondunn.com>, "Partridge, John D.W." <JPartridge@gibsondunn.com>, "Halbert, Aimee M." <AHalbert@gibsondunn.com>, "Tom, Daniel K." <DTom@gibsondunn.com>

Enrique:

We have put forward our position and asked you to respond, so that we could then discuss your position and any disagreements we may have when I returned from a short vacation. That is an eminently reasonable approach.

You, however, have declined to provide your position in writing, and now seem to suggest that letters are not an appropriate part of the meet and confer process at all. That is not only wrong, but particularly odd given that you made clear that you did not wish to meet and confer by phone until after we had provided our position in writing. 2/20/13 email. As a result of your approach, we will learn your views for the first time in our call, and will need to consider them, confer with our client, and then respond. If we had followed our approach, we could have done much of that prior to our call. Since your approach will take longer than ours would have, it seems that you are more interested in scoring debating points than actually moving the ball forward.

In any event, I am available to meet and confer tomorrow between 9 and 12:30 ET and between 3 and 4:45 ET. I still think it would be helpful if you were to provide your position in writing beforehand.

Rick

---

**Monagas, Enrique A.** <EMonagas@gibsondunn.com>                                                                          Thu, Feb 28, 2013 at 6:29 PM
To: Rick Herz <rick@earthrights.org>, Marco Simons <marco@earthrights.org>, Michelle Harrison <michelle@earthrights.org>, Marissa Vahlsing <marissa@earthrights.org>
Cc: "Blume, Robert C." <RBlume@gibsondunn.com>, "Partridge, John D.W." <JPartridge@gibsondunn.com>, "Halbert, Aimee M." <AHalbert@gibsondunn.com>, "Tom, Daniel K." <DTom@gibsondunn.com>

Let's meet and confer at 1:00 pm PT/4:00 ET.  We can use the following call-in information:

**Dial in:** 1-877-492-4011

**Passcode:** 415-393-8353

---

**Rick Herz** <rick@earthrights.org>                                                                                        Thu, Feb 28, 2013 at 8:05 PM
To: "Monagas, Enrique A." <EMonagas@gibsondunn.com>, Marco Simons <marco@earthrights.org>, Michelle Harrison <michelle@earthrights.org>, Marissa Vahlsing <marissa@earthrights.org>
Cc: "Blume, Robert C." <RBlume@gibsondunn.com>, "Partridge, John D.W." <JPartridge@gibsondunn.com>, "Halbert, Aimee M." <AHalbert@gibsondunn.com>, "Tom, Daniel K." <DTom@gibsondunn.com>

That works. Talk to you then.