Marco Simons [SBN #237314]
marco@earthrights.org
Richard Herz [admitted *pro hac vice*]
rick@earthrights.org
Michelle Harrison
michelle@earthrights.org
Marissa Vahlsing
marissa@earthrights.org
EARTHRIGHTS INTERNATIONAL
1612 K Street NW, Suite 401
Washington, DC 20006
Telephone: (202) 466-5188
Facsimile: (202) 466-5189

Jose Luis Fuentes
jlf@siegelyee.com
Siegel & Yee
499 14th Street Ste 300
Oakland, CA 94612
Tele: (510) 839-1200
Facsimile: (510) 444-6698

Attorneys for Non-Party Amazon Watch

**UNITED STATES DISTRICT COURT**

**FOR THE NOTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHEVRON CORP., | Case No. C 13-80038-MISC CRB |
| Plaintiff, | **NON-PARTY AMAZON WATCH'S MOTION TO STRIKE OR IN THE ALTERNATIVE, TO FILE A SURREPLY IF NECESSARY RE: CHEVRON CORPORATION'S REPLY IN SUPPORT OF CHEVRON'S MOTION TO TRANSFER** |
| v. | |
| STEVEN DONZIGER, *et al.* | |
| Defendants. | |

As AW predicted, Dkt. 37 at 17, Chevron has now rewritten its Motion to Transfer on reply. *See* Dkt 38. That is not permissible, and the new arguments should be stricken. *Hohlbein v. Quanta U.S. Holdings, Inc.*, 2007 WL 1526766 at *1, n.1 (E.D. Cal. May 24, 2007)("Since a new argument should not be raised for the first time in a Reply, this issue is not reached."). Regardless, Chevron's new arguments are irrelevant. But if the Court declines to strike these arguments, and believes they will somehow bear on its decision, it should afford AW a chance to respond fully.

Chevron's initial motion made no attempt to meet its burden to show that the statutory prerequisite to transfer, that the action "might have been brought" in the prospective transferee court, had been met. Now, it argues for the first time on reply that it can meet that requirement, citing new cases. Dkt. 38 at 5-7. That is impermissible.

Regardless, Chevron's brief concedes the only point that matters. They admit that the Ninth Circuit held, in their words, "that Rule 45 motions must be brought in the first instance to the issuing court." Dkt. 38 at 7 (citing *SEC v. CMKM Diamonds, Inc.*, 656 F.3d 829, 831-32 (9th Cir. 2011)). Because section 1404 *requires* exactly what *CMKM Diamonds* forbids, that case precludes Chevron's transfer argument. *Accord Pure Fishing, Inc. v. Redwing Tackle, LTD.*, 2012 U.S. Dist. LEXIS 47885, **5-8 (W.D. Wash. Apr. 4, 2012) (holding that under *CMKM Diamonds*, the court lacked authority to transfer a motion to quash).[1] This ends the inquiry.

Nonetheless, Chevron argues that the trial judge is more familiar with this litigation, Dkt. 38 at 7-9, which is true in every case. Moreover, a writ asking that the case be reassigned is currently pending in the Second Circuit. http://sdnyblog.com/wp-content/uploads/2013/03/11-Civ.-00691-2013.03.07-Mandamus.pdf.

---

[1] Chevron makes a confused argument that AW could have sought a protective order from Judge Kaplan and that a protective order is like a motion to quash. Dkt 38 at 5-6. But the fact that AW could have sought the alternative remedy of a protective order in the SDNY does not mean it could have brought a motion to quash there. Indeed, *CMKM Diamonds* specifically held that a motion to quash cannot be brought anywhere other than in the issuing court. 656 F.3d at 831-32; *accord In re Sealed Case*, 141 F.3d 337, 342 (D.C. Cir. 1998) (rejecting transfer and discussing protective orders); *see also* Dkt 37 at 8-9.

Chevron also makes factual arguments—largely new—in support of its claim that AW conspired to obtain a fraudulent judgment from Ecuador's courts. Dkt. 38 at 1-5. That claim is false. Dkt. 37 at 2-5. But it is also irrelevant to whether a court in New York has the power to rule on this Court's subpoena.

Moreover, resolving these discovery disputes will not, as Chevron now claims, Dkt. 38 at 1, require this Court to consider Chevron's conspiracy theory in any detail; the Supreme Court has squarely rejected that theory as inconsistent with the First Amendment. In *NAACP v. Claiborne Hardware, Co.*, the Court specifically held that individuals' First Amendment rights are not limited simply because their partners in expressive activity violated the law in furtherance of their joint campaign. 458 U.S. 886, 908, 919-20 (1982). To show that the First Amendment does not apply, a party must prove that the individual had "a specific intent to further an unlawful aim embraced by th[e] group. *Id.* at 925-26. Thus, it is not sufficient, as Chevron suggests, that AW and certain Defendants at times worked together to craft a message in pursuit of a shared *legitimate* end: justice for those Chevron harmed. AW did not participate in any fraud, let alone did it specifically intend to help procure a fraudulent judgment. Dkt. 37 at 2-5. Irrespective of whether the Defendants committed fraud, AW's campaigns are protected expression.[2]

For the foregoing reasons, Amazon Watch respectfully requests that this Court strike Chevron's new arguments, and deny Chevron's Motion to Transfer.

DATED: March 8, 2013

Respectfully submitted,
EARTHRIGHTS INTERNATIONAL

/s/Richard_Herz_
Richard Herz [admitted *pro hac vice*]
rick@earthrights.org

---

[2] Nor is Chevrons' conspiracy theory salvaged by its claim that AW sought through its public advocacy to force Chevron to settle the Lago Agrio litigation. *See* Dkt. 18 at 3; Dkt. 13 at 2. "Speech does not lose its protected character . . . simply because it may . . . coerce [others] into action." *NAACP*, 458 U.S. at 910; *accord Organization For a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971) (holding that petitioners' purpose in distributing literature to "'force' respondent to sign a no-solicitation agreement. . . does not remove [the expression] from the reach of the First Amendment.")

1 | Marco Simons
2 | marco@earthrights.org
  | Michelle Harrison
3 | michelle@earthrights.org
  | Marissa Vahlsing
4 | marissa@earthrights.org
  | 1612 K Street NW, Suite 401
5 | Washington, DC 20006
  | Telephone: (202) 466-5188
6 | Facsimile: (202) 466-5189

7 | Jose Luis Fuentes
  | jlf@siegelyee.com
8 | Siegel & Yee
  | 499 14th Street Ste 300
9 | Oakland, CA 94612
  | Tele: (510) 839-1200
10 | Facsimile: (510) 444-6698
   | *Counsel For Non-Party Amazon Watch*

---

Case No. C 13-80038-MISC CRB

MOT. TO STRIKE OR FILE A SURREPLY RE: CHEVRON'S REPLY

3