ETHAN D. DETTMER, SBN 196046
  edettmer@gibsondunn.com
ENRIQUE A. MONAGAS, SBN 239087
  emonagas@gibsondunn.com
AIMEE M. HALBERT, SBN 279144
  ahalbert@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:   415.393.8306

*Attorneys for Plaintiff Chevron Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>             Plaintiff,<br><br>     v.<br><br>STEVEN DONZIGER, *et al.*,<br><br>             Defendants. | Case No. 3:13-mc-80038-CRB<br><br>**CHEVRON CORPORATION'S OPPOSITION TO AMAZON WATCH'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, TO FILE A SURREPLY** |

Chevron Corporation ("Chevron") briefly responds to the latest motion filed by Amazon Watch ("AW") in this subpoena enforcement action.

AW claims that Chevron's reply in support of its motion to transfer should be stricken or that AW should be permitted to file a sur-reply, because Chevron "argues for the first time on reply" that this "action 'might have been brought' in the prospective transferee court." Dkt. 39 at 1. But Chevron's reply brief simply responded to AW's arguments, as is proper. *See* Dkt. 37 at 7; *Faron v. St. Joseph Hosp.*, No. C 07-5602 SBA, 2008 WL 4820796, at *9 (N.D. Cal. Nov. 4, 2008) (denying motion for leave to file a sur-reply on the ground that reply raised "a 'new' argument," because the reply "proper[ly]" responded to arguments made in the opposition). In any event, AW had "a chance to respond fully" to Chevron's motion (Dkt. 39 at 1), because Chevron previewed its arguments in a detailed letter to AW on February 28, 2013 (Dkt. 38 at 7 n.11; Dkt. 38-17)—nearly a week before AW filed its opposition on March 5.

Further, in arguing that "First Amendment rights are not limited simply because [AW's] partners in expressive activity violated the law in furtherance of their joint campaign" (Dkt. 39 at 2), AW demonstrates why a thorough knowledge of the record would allow for more efficient consideration of this motion, and why transfer is in the interest of judicial economy. AW is more than a "partner" in the Lago Agrio Plaintiffs' scheme. It is a "critical," paid, and knowing player in the extortionate pressure campaign that has been at the center of the case before Judge Kaplan for more than two years. *See* Dkt. 38 at 1-5.

Chevron respectfully requests that AW's instant motion be denied, and that the Court immediately transfer this miscellaneous action to the Southern District of New York.

Dated: March 8, 2013

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:  */s/* Ethan D. Dettmer
Ethan D. Dettmer

*Attorneys for Plaintiff Chevron Corporation*