Richard L. Herz [admitted *pro hac vice*]
rick@earthrights.org
Marco Simons (SBN 237314)
marco@earthrights.org
Michelle C. Harrison
michelle@earthrights.org
Marissa A. Vahlsing
marissa@earthrights.org
EARTHRIGHTS INTERNATIONAL
1612 K Street NW, Suite 401
Washington, DC 20006
Telephone: (202) 466-5188

Jose Luis Fuentes
jlf@siegelyee.com
SIEGEL & YEE
499 14th Street Ste 300
Oakland, CA 94612
Tele: (510) 839-1200
Facsimile: (510) 444-6698

Attorneys for Non-Party Amazon Watch

**UNITED STATES DISTRICT COURT**

**FOR THE NOTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHEVRON CORP., | Case No. C 13-80038-MISC CRB |
| Plaintiff, | **SURREPLY ADDRESSING NEW CASE IN FURTHER SUPPORT OF NON-PARTY AMAZON WATCH'S OPPOSITION TO CHEVRON'S MOTION TO ENFORCE** |
| v. | |
| STEVEN DONZIGER, *et al.* | |
| Defendants. | |

Case No. C 13-80038-MISC CRB        **SURREPLY IN FURTHER OPP. TO CHEVRON'S MOTION TO ENFORCE**

Chevron's March 18, 2013 Reply in Support of its Motion to Enforce cites a March 15, 2013 Order in the underlying case. The Order does not support the proposition for which Chevron cites it; indeed, it further demonstrates why Chevron has not met its burden to show that it is entitled to the overbroad discovery it seeks. Amazon Watch (AW) respectfully requests the opportunity to respond herein to Chevron's misleading assertions regarding this new Order.

The March 15 Order required document production from Patton Boggs (PB), a law firm that "represented the LAPs in much of the U.S. litigation relating to the [Ecuadorian] Judgment. . . [and] has been involved in the Ecuadorian litigation behind the scenes." Dkt 48-1, Order at 2. The Order does not so much as mention AW.

Chevron's assumption that Judge Kaplan's finding that the Defendants refused to produce certain evidence entitles Chevron to the documents it seeks from AW is a *non-sequitur*. Dkt. 47 at 8. Judge Kaplan never found the Defendants' refusal to fully produce documents to be dispositive—while Chevron pretends that finding is the end of the analysis, for Judge Kaplan, it was the beginning.

The court conducted a step-by-step analysis that Chevron ignores. Based in part on the "desirability of focusing only on that which is most important," Judge Kaplan limited discovery of PB to *specific* factual issues regarding Chevron's allegation that the Ecuadorian *judgment was fraudulent*. Dkt. 48-1, Order at 65-66 (limiting discovery to the alleged bribery of the judge and authorship of the judgment; the submission of certain reports to the court; the termination of the judicial inspection; the appointment of the expert and the preparation and submission of his report; and the submission in U.S. courts of allegedly deceptive accounts of the LAPs relationship with the expert). Moreover, the court detailed the *specific type* of evidence Defendants had not produced: "documents in the possession, custody, or control of their attorneys and agents in Ecuador." Dkt. 48 at 7 (quoting Dkt 48-1, Order at 46-47). Further, the court made an explicit finding that Chevron needed *that particular* evidence. Dkt. 48-1, Order at 54, 68. And, it determined that "it is entirely likely that PB has responsive documents . . . about critically important events in Ecuador" based on a review of the *specific facts* of PB's

1

Case No. C 13-80038-MISC CRB

SURREPLY IN FURTHER OPP. TO CHEVRON'S MOTION TO ENFORCE

involvement. Dkt 48-1, Order at 54, 67.[1] Last, the court considered whether Chevron could obtain these documents from other sources, and determined that they "are not practically available from anyone else." Dkt 48-1, Order at 54, 68. Thus, the court did not, as Chevron suggests, require broad production based on some general finding that Defendants did not fully produce documents.

Chevron does not even attempt this multi-step analysis here. First, it seeks documents from AW far beyond the limited scope that Judge Kaplan found Chevron needs but has not been able to acquire from Defendants.[2] And Chevron does not detail the *specific types* of evidence that it claims it cannot get, nor does it explain why it is otherwise unavailable. Indeed, Chevron has consistently claimed that it is under no obligation to provide this information. *See* Dkt. 3 at 16-17. And since it does not even identify any such evidence, it has not met its burden to show that it needs that evidence, that AW likely has it, and that AW is the most appropriate source. Chevron cannot use its inability to receive certain documents from the LAPs as a basis to receive *other unrelated* documents from AW.

Second, Chevron cannot meet it burden even with respect to the narrow category of documents that Judge Kaplan found necessary and unavailable from defendants—those in the custody of the LAPs attorneys and agents in Ecuador specifically regarding alleged fraud leading to the Ecuadorian judgment. Chevron specifically told the court that "[f]ew of these documents [sought from PB] will be in the hands of third parties," *explicitly including AW*. 1:11-cv-00691-LAK-JCF, Dkt. 713 at 21. Given the Order, Chevron now has access to these documents from PB anyway. But more importantly, Chevron cannot show that *AW* has documents about the acts leading to the judgment in Ecuador. *See* Dkt. 49 at 6-7. AW was not part of the LAPs' legal team, and thus was not involved in submitting evidence to the court and the like. *Id.*[3] Indeed, the court determined that PB was the proper

---

[1] All the "activities" that Judge Kaplan lists in which PB participated involve making submissions to the Ecuadorian court or taking part in the legal case in the United States. *Id* at 29-30.

[2] For example, Chevron seeks a variety of documents regarding activities *in the U.S.* that do not relate to the judgment itself, including documents concerning shareholder actions (#5); protests regarding Chevron (#17); various campaigns regarding Chevron (#8); and communications with stock market analysts or journalists regarding the Chevron case (#21). Even with respect to events in Ecuador, Chevron seeks AW's communications with many people who are not even alleged to have been involved in any fraud.

[3] The fact that Ecuadorian lawyers for the LAPs were listed in the "core group" does not suggest otherwise. *See* Dkt 48 at 7. They are designated here as members of the "core group" because at times they worked with AW on *campaign* strategy, not the case itself. That has nothing to do with the
*(footnote continued on following page)*

2

Case No. C 13-80038-MISC CRB | SURREPLY IN FURTHER OPP. TO CHEVRON'S MOTION TO ENFORCE

source precisely because it found—based on Chevron's argument—that "it is doubtful that [the third parties Chevron has subpoenaed] will provide Chevron with the discovery it seeks from PB." Dkt 48-1, Order at 68. Chevron cannot be heard to successfully argue to Judge Kaplan that it needs discovery from PB because AW (among others) does not have the documents it seeks, and then argue to this Court that it needs the same discovery from AW.

As to burden, Judge Kaplan made clear that Chevron had proposed electronic search terms that substantially lessened the burden on PB to search for the requested information. Dkt 48-1 at 45. Chevron promised to do likewise here, but never did. Dkt. 49 at 2.

Chevron does not and cannot meet the requirements applied in the March 15, 2013 Order; that Order undermines rather than supports Chevron's arguments.

DATED: March 28, 2013                                  Respectfully submitted,

EARTHRIGHTS INTERNATIONAL

/s/Richard Herz
Richard Herz [admitted *pro hac vice*]
rick@earthrights.org
Marco Simons
marco@earthrights.org
Michelle C. Harrison
michelle@earthrights.org
Marissa A. Vahlsing
marissa@earthrights.org
1612 K Street NW, Suite 401
Washington, DC 20006
Telephone: (202) 466-5188
Facsimile: (202) 466-5189

Jose Luis Fuentes
jlf@siegelyee.com
Siegel & Yee
499 14th Street Ste 300
Oakland, CA 94612
Tele: (510) 839-1200
Facsimile: (510) 444-6698

Counsel for Non-Party Amazon Watch

---

*(footnote continued from preceding page)*
allegations of fraudulent evidence and ghostwritten judgments about which Judge Kaplan found Chevron needed discovery. And, of course, it cannot remotely support Chevron's claim that it is entitled to documents that are not communications with the LAPs agents or attorneys.

3

Case No. C 13-80038-MISC CRB       SURREPLY IN FURTHER OPP. TO CHEVRON'S MOTION TO ENFORCE