1   ETHAN D. DETTMER, SBN 196046
      edettmer@gibsondunn.com
2   ENRIQUE A. MONAGAS, SBN 239087
      emonagas@gibsondunn.com
3   AIMEE M. HALBERT, SBN 279144
      ahalbert@gibsondunn.com
4   GIBSON, DUNN & CRUTCHER LLP
    555 Mission Street, Suite 3000
5   San Francisco, California 94105-0921
    Telephone: 415.393.8200
6   Facsimile:  415.393.8306

7   *Attorneys for Plaintiff Chevron Corporation*

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11  CHEVRON CORPORATION,                    Case No. 3:13-mc-80038-CRB

12                    Plaintiff,            **CHEVRON CORPORATION'S MOTION TO
                                            STRIKE AMAZON WATCH'S SURREPLY[1]**
13          v.

14  STEVEN DONZIGER, *et al.*,

15                    Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28   [1]  Chevron respectfully submits that this issue is appropriate for resolution without hearing.

Gibson, Dunn &
Crutcher LLP

---

CHEVRON'S MOTION TO STRIKE AMAZON WATCH'S SURREPLY              NO. 3:13-MC-80038-CRB

1    Chevron Corporation ("Chevron") respectfully moves to strike in its entirety the Surreply

2  Addressing New Case ("Surreply") filed by Amazon Watch ("AW") on March 28, 2013 (Dkt. 53),

3  ten days after Chevron filed its reply brief in support of its motion to enforce the document subpoena

4  (Dkt. 48).

5    AW's Surreply is expressly prohibited by this Court's Civil Local Rule 7-3(d), which states

6  that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior

7  Court approval."  Civ. L.R. 7-3(d).  On March 18, 2013, Chevron filed a reply brief in support of its

8  motion to enforce the document subpoena properly served on AW.  Dkt. 48.  AW, in violation of

9  Civil Local Rule 7-3(d), filed a Surreply ten days after Chevron's reply was filed, without seeking

10  leave of Court to do so.  AW offers no justification for its impermissible and untimely submission,

11  nor can it.[2]  The Court should strike AW's unauthorized Surreply in its entirety.  *See, e.g.*, *Castillo v.*

12  *City & Cnty. of S.F.*, No. 05-cv-284, 2006 WL 194709, at *4 (N.D. Cal. Jan. 23, 2006) (striking

13  objections filed after a reply brief without prior Court approval pursuant to Civil Local Rule 7-3(d));

14  *Bauman v. DaimlerChrysler AG*, No. 04-cv-194, 2005 WL 3157472, at *3 (N.D. Cal. Nov. 22, 2005)

15  (sustaining objection to consideration of supplemental authority and exhibits filed without prior Court

16  approval pursuant to Civil Local Rule 7-3(d)).

17    Because AW's Surreply is prohibited by this Court's local rules, Chevron respectfully

18  requests that the Court strike the Surreply in its entirety.

20  Dated: April 2, 2013                    Respectfully submitted,

21                                          GIBSON, DUNN & CRUTCHER LLP

23                                          By:    */s/ Ethan D. Dettmer*
                                                       Ethan D. Dettmer

24                                          *Attorneys for Plaintiff Chevron Corporation*

---

27  [2]  Even if AW's Surreply were not procedurally improper, it substantively lacks merit and is internally inconsistent.  Chevron is prepared to address these issues at the April 3, 2013 hearing on its motion to enforce the document subpoena.

Gibson, Dunn & Crutcher LLP

1
CHEVRON'S MOTION TO STRIKE AMAZON WATCH'S SURREPLY                NO. 3:13-MC-80038-CRB